IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS CHAVEZ, JR.; et al.,

      Plaintiffs,                            No. CIV S-11-2441 KJM-KJN

     vs.

HENNESSY INDUSTRIES, INC.; et al.,

      Defendants.
                                     /

COSTCO, INC.,

      Plaintiff,                             No. CIV S-11-2466 KJM-KJN

     vs.

DANAHER CORP.; et al.,

      Defendants.                           ORDER
                                     /

        Defendant Hennessy Industries, Inc. ("Defendant") removed the above-captioned matters to this court on September 15, 2011 (11-2441; ECF 1) and September 16, 2011 (11-2466; ECF 1). For the following reasons, these cases are hereby REMANDED to the Sacramento County Superior Court.

        "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction [] may be removed by the defendant . . . to the district

1

court . . . ." 28 U.S.C. § 1441(a).  District courts have original jurisdiction in two situations: 1) federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States;" and 2) diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is complete diversity between the parties.  28 U.S.C. §§ 1331, 1332(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863, F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  There is a "strong presumption" against removal jurisdiction which "means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  District courts have the duty of determining whether they have jurisdiction, even if the parties do not raise the question.  *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004); *see also* FED. R. CIV. P. 12(h)(3).

Plaintiffs' state court complaint in *Chavez v. Hennessy*, brought in Sacramento Superior Court on July 8, 2011, alleges only a state law cause of action for products liability. (Not. of Removal, Stahley Decl., Ex. A, ECF 1.)  The only indication of the amount in controversy is plaintiffs' contention that this is an unlimited civil case, which means that the amount in controversy exceeds $25,000.  Defendant removed this action based on diversity jurisdiction on September 15, 2011.  (Not. of Removal ¶ 1.)  Defendant contends that "it is facially apparent from the Complaint that the amount in controversy between plaintiffs and Hennessy Industries, Inc. exceeds the sum or value of $75,000. Plaintiffs seek the following damages, alleged as a result of injury sustained from their work with or around a tire changing machine allegedly manufactured, suppled or distributed by defendants: 'wage loss;' 'hospital and medical expenses;' unspecified 'general damages;' and 'loss of earning capacity.'" (*Id.* ¶ 5.)

2

*See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996) (the operative amount in controversy is that claimed by plaintiff in the complaint). However, the amount in controversy here is not facially apparent, where there are no factual allegations in the complaint past the assertions that this is a products liability case and that plaintiffs were injured by the Coats APX 90E tire changing machine. Notably absent from the complaint is any information that would serve as an indicator of amount in controversy, such as allegations of the injury suffered or whether plaintiffs are currently employed. Defendant has failed to carry his burden of showing by a preponderance of the evidence that the amount-in-controversy requirement is satisfied. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 933 (9th Cir. 2001).

Likewise, plaintiff's state court complaint in *Costco v. Danaher*, brought in Sacramento Superior Court on July 19, 2011, alleges only a state law cause of action for products liability. (Not. of Removal, Stahley Decl., Ex. A, ECF 1.) The only indication of the amount in controversy is plaintiff's contention that this is an unlimited civil case, which means that the amount in controversy exceeds $25,000. Defendant also removed this action based on diversity jurisdiction, on September 16, 2011. (Not. of Removal ¶ 1.) Defendant contends that "it is facially apparent from the Complaint that the amount in controversy between plaintiff and Hennessy Industries, Inc. exceeds the sum or value of $75,000. Plaintiffs seek the recovery of 'workers' compensation benefits paid by Costco, Inc. to or on behalf of Carlos Chavez, Jr.' in excess of $25,000." (*Id.* ¶ 6.) However, the amount in controversy here also is not facially apparent, where there are no factual allegations in the complaint past the assertions that this is a products liability case and that plaintiff is seeking workers' compensation benefits paid by Costco, Inc. on behalf of Carlos Chavez, Jr. Notably absent from this complaint is any information that would serve as an indicator of amount in controversy, such as allegations of how much money Costco, Inc. has paid Carlos Chavez, Jr. in workers' compensation benefits. Defendant has failed to carry his burden of showing by a preponderance of the evidence that the amount-in-controversy requirement is satisfied. *Gibson.*, 261 F.3d at 933.

1    Accordingly, this court is without jurisdiction to hear these cases.

2    For the foregoing reasons, the court hereby REMANDS the above-captioned

3 matters to Sacramento County Superior Court. Costco Wholesale Corp.'s application for lien in

4 *Chavez v. Hennessy* (ECF 17) is DENIED as moot. All dates set in the above-captioned matters

5 are VACATED. These cases are CLOSED.

6    IT IS SO ORDERED.

7 DATED: January 23, 2012.

                    _____
                    UNITED STATES DISTRICT JUDGE

4